Bettie R. Funderburk Sparks (Formerly: Bettie R. Funderburk) v. Commissioner.
Sparks v. Commissioner
Docket No. 67668.
United States Tax Court
T.C. Memo 1959-156; 1959 Tax Ct. Memo LEXIS 95; 18 T.C.M. (CCH) 675; T.C.M. (RIA) 59156; July 31, 1959
*95 James L. M. Miller, Esq., 1217 Majestic Building, San Antonio, Tex., for the petitioner. Harold A. Chamberlain, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: This proceeding places in issue the correctness of respondent's determination of a deficiency in petitioner's income tax of $531.53 for the year 1953. The question is whether petitioner who was a resident of Texas is liable for tax on onehalf the income of a marital community in that state. All of the facts were stipulated as follows and are hereby found: "1. Bettie R. Funderburk Sparks, hereinafter referred to as petitioner, and Thomas Frank Funderburk, Jr., were husband and wife during the entire taxable year 1953. "2. On or about March 1, 1953, petitioner and Thomas Frank Funderburk, Jr. were living together as husband and wife in Houston, Harris County, Texas. During March 1953 petitioner separated from Thomas Frank Funderburk, Jr. and returned to her former home in San Antonio, Bexar County, Texas. "3. Petitioner and Thomas Frank Funderburk, Jr. were living apart from each other, in a state of marital estrangement, from sometime in March 1953 through December *96 1953. Petitioner and Thomas Frank Funderburk, Jr. were divorced in March 1954. "4. At no time during the taxable year 1953 were petitioner and Thomas Frank Funderburk, Jr. living apart under a court decree of legal separation or under any written agreement of separation. "5. Petitioner and Thomas Frank Funderburk, Jr. filed separate income tax returns for the taxable year 1953 with the District Director of Internal Revenue, Austin, Texas. "6. Thomas Frank Funderburk, Jr. reported adjusted gross income of $5,898.88 from his salary as an employee of Shell Oil Company, Houston, Texas. There was $621.50 income tax withheld by his employer on these earnings. "7. Petitioner reported adjusted gross income of $1,015.68 from her salary as an employee of the Southwestern Bell Telephone Company, San Antonio, Texas, and a tax liability of $32.25. There was $143.51 income tax withheld by her employer on these earnings. "8. Petitioner and Thomas Frank Funderburk, Jr. had total combined community itemized deductions from adjusted gross income in the amount of $740.75 for the taxable year 1953. "9. In his determination of deficiency the respondent has included in petitioner's gross income *97 for the taxable year 1953 one-half of the total community net income received during 1953 by petitioner and Thomas Frank Funderburk, Jr." In addition we find that: The corrected community net income of petitioner and Thomas Frank Funderburk, Jr., was $6,173.81 for 1953. Petitioner's net income for 1953 was one-half of such total community net income. During the year in controversy the Texas marital community had not been dissolved. Petitioner had a present vested one-half interest in the community income. , the amount of which has been stipulated. No argument is made by her to the contrary. Since this was her income, she is liable for the tax upon it. Christine K. Hill, 32 T.C. - (April 29, 1959). Decision will be entered for the respondent.